UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRIGSBY & ASSOCIATES, INC.,<br><br>         Plaintiff,<br><br>     v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>         Defendant. | Case No.  25-cv-00892-AGT<br><br><br>**ORDER ON MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 50 |

On October 27, 2025, six days after the Court stayed this case pending resolution of proceedings before the state workers' compensation appeals board, Plaintiff filed a motion for leave to file a motion for reconsideration. Dkt. 50. Eighteen days later, on November 14, 2025, Plaintiff filed a notice of appeal. Dkt. 51. For avoidance of doubt, the Court concludes that it lacks jurisdiction to consider the motion for leave.

"Once a notice of appeal takes effect, the district court loses jurisdiction over the matter placed before the appellate court." *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001). If, however, a motion for reconsideration is pending when the appeal is filed, the district court retains jurisdiction to consider it. *Id.*

Here, no motion for reconsideration was filed. Under this District's local rules, "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civil L.R. 7-9(a). Plaintiff requested leave but didn't obtain it before appealing. So, when Plaintiff noticed the appeal and there was no motion for reconsideration pending, the Court lost jurisdiction. *R&D Latex*, 242 F.3d at 1109.

Because the Court lacks jurisdiction to consider the motion for leave, the Court requests that the Clerk of the Court clear the gavel next to the motion on CM/ECF. If warranted, Plaintiff may refile the motion after the Ninth Circuit issues its mandate.

**IT IS SO ORDERED.**

Dated: February 27, 2026

_____
Alex G. Tse
United States Magistrate Judge

2